People v Holmes (2018 NY Slip Op 04821)





People v Holmes


2018 NY Slip Op 04821


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Acosta, P.J., Sweeny, Webber, Kahn, Oing, JJ.


6990 392/13 2588/13

[*1]The People of the State of New York, Respondent,
v
Jerome Holmes, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), and Freshfields Bruckhaus Deringer US LLP, New York (Benjamin A. Gianforti of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J. at motion to preclude recorded call; Daniel P. Conviser, J. at jury trial and sentencing), rendered December 16, 2014, as amended February 18, 2015, convicting defendant of robbery in the first degree, three counts of robbery in the second degree, two counts of criminal possession of a weapon in the third degree, and three counts of perjury in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 12 years, unanimously affirmed.
Error, if any, in the receipt of DNA evidence was harmless, under the standard for constitutional error, in light of the overwhelming non-DNA evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
The motion court correctly declined to preclude a recorded telephone call that defendant made while detained before trial. Defendant's challenge to the admissibility of the call, made primarily on Fourth Amendment grounds, is unavailing. Defendant impliedly consented to the recording of the call based on his receipt of multiple forms of notice that his calls would be recorded, and he was not entitled to separate notice that the calls might be subpoenaed by prosecutors (see e.g. People v Goding, 146 AD3d 642 [1st Dept 2017], lv denied 29 NY3d 1079 [2017]; People v Dickson, 143 AD3d 494 [1st Dept 2016], lv denied 28 NY3d 1183 [2017]). Recordings of detainees' calls are made for security purposes, and not for the purpose of gathering evidence. However, like any other nonprivileged evidence that is possessed by a nonparty and is relevant to a litigation, it may be subject to a lawful subpoena. Accordingly, once defendant consented to the recording of his phone calls, and chose nevertheless to make a call containing a damaging statement, he had no reasonable expectation that the call would be immune from being subpoenaed by the prosecution.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK